1  Katherine A. Neben (State Bar No. 263099)
   kneben@jonesday.com
2  JONES DAY
   3161 Michelson Drive, Suite 800
3  Irvine, CA  92612.4408
   Telephone: (949) 851-3939
4  Facsimile:  (949) 553-7539

5  Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS,
6  INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DUSTIN SHEPHERD, | Case No. 8:18-cv-02215-JVS (DFMx) |
| Plaintiff, | Hon. James V. Selna |
| v. | **STIPULATED PROTECTIVE ORDER** |
| MIDLAND FUNDING, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND TRANS UNION LLC, | [Discovery Document: Referred to Magistrate Judge Douglas F. McCormick] |
| Defendants. | Complaint filed:  December 13, 2018 |

IT IS HEREBY STIPULATED by and between Plaintiff Dustin Shepherd ("Plaintiff"), Defendants Experian Information Solutions, Inc. ("Experian"), Midland Funding, LLC ("Midland"), Equifax Information Services, LLC ("Equifax"), and Trans Unions LLC ("Trans Union") through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other

confidential information of Plaintiff.

WHEREAS, GOOD CAUSE exists for the entry of this order, on the following grounds: This action is likely to involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Some of these materials and information may be unknown to the opposing party or parties, or any employees of a corporate party.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all

documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action (a "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

2-1. If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" or "Confidential-Attorneys' Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Civil Local Rules.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential-Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, including Plaintiff, Midland, Experian, Equifax, and Trans Union for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions

of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; and (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

5-1. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential-Attorneys' Eyes Only," pursuant to prior Order after notice, any document, transcript or pleading given "Confidential-Attorneys' Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential-Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) outside counsel for the parties; (c) present or former employees of the Producing Party in connection with

their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (d) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f), or Subparagraph 5-1(d) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraphs 5 and 5-1, whichever applies, and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential".

9. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential" or "Confidential-Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom,

but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party or, as to electronic data and non-original documents, destroyed.

11. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rules. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

13. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: July 17, 2019     Respectfully submitted,

/s/ Katherine A. Neben
Katherine A. Neben
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Telephone: (949) 851-3939

*Attorneys for Defendant Experian Information Solutions, Inc.*

| | | |
|---|---|---|
| 1 | Dated: July 17, 2019 | Respectfully submitted, |
| 2 | | |
| 3 | | */s/ Matthew Loker* |
| 4 | | Matthew Loker<br>KAZEROUNI LAW GROUP APC |
| 5 | | 1303 East Grand Avenue Suite 101<br>Arroyo Grande, CA 93420 |
| 6 | | Telephone: (805) 335-8455 |
| 7 | | *Attorneys for Plaintiff*<br>*Dustin Shepherd* |
| 8 | Dated: July 17, 2019 | Respectfully submitted, |
| 9 | | |
| 10 | | */s/ Leah S. Strickland* |
| 11 | | Leah S. Strickland<br>SOLOMON WARD SEIDENWURM & SMITH LLP |
| 12 | | 401 B Street, Suite 1200<br>San Diego, CA 92101 |
| 13 | | Telephone: (619) 231-0303 |
| 14 | | *Attorneys for Defendant Midland*<br>*Funding, LLC.* |
| 15 | | |
| 16 | Dated: July 17, 2019 | Respectfully submitted, |
| 17 | | |
| 18 | | */s/ Thomas P. Quinn, Jr.* |
| 19 | | Thomas P. Quinn, Jr.<br>NOKES & QUINN APC |
| 20 | | 410 Broadway, Suite 200<br>Laguna Beach, CA 92651<br>Telephone: (949) 376-3500 |
| 21 | | *Attorneys for Defendant Equifax* |
| 22 | | *Information Services, LLC* |
| 23 | Dated: July 17, 2019 | Respectfully submitted, |
| 24 | | |
| 25 | | */s/ Donald E. Bradley* |
| 26 | | Donald E. Bradley<br>MUSICK PEELER & GARRETT LLP |
| 27 | | 650 Town Center Drive, Suite 1200<br>Costa Mesa, CA 92626<br>Telephone: (714) 668-2490 |
| 28 | | *Attorneys for Defendant Trans Union LLC* |

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby certify that all of other signatories listed, on whose behalf this filing is submitted, concur with the contents of this filing and have authorized the filing.

Dated: July 17, 2019

Respectfully submitted,

By: */s/ Katherine A. Neben*
Katherine A. Neben
JONES DAY

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

**IT IS SO ORDERED.**

Dated: July 17, 2019

_____
HON. DOUGLAS F. MCCORMICK
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _____, 20__ at _____.

_____
QUALIFIED PERSON